UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TODD TUTTLE,

          Plaintiff,

    v.

FUNMOBILE GAMES, INC., et al.,

          Defendants.

CASE NO. C07-0983JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant Funmobile Games, Inc.'s ("Funmobile") motion to be dismissed from this action for lack of personal jurisdiction and forum non conveniens (Dkt. # 7). Having read and considered all papers filed in support and in opposition, the court DENIES Funmobile's motion without prejudice and stays the proceedings in this case for 45 days so that the parties may conduct limited discovery regarding personal jurisdiction.

## II. BACKGROUND

Plaintiff Todd Tuttle, a Washington resident, creates original celebrity caricatures and sells them on various Web sites. Compl. 1: 22-23; 3: 3-9. Mr. Tuttle alleges that Funmobile has engaged in acts of federal copyright infringement, state unfair business practices, and common law unfair competition by selling Mr. Tuttle's caricatures without permission through Funmobile's Web sites. *Id.* at 3: 10-27; 4; 5: 2-9.

ORDER – 1

Funmobile, a Delaware corporation with its principal place of business in California, contends that it does not expressly direct its actions toward Washington, nor does it have any employees, facilities or property in Washington.  Oei Decl. ¶¶ 4-12. Funmobile seeks to be dismissed from this action pursuant to Federal Rules of Civil Procedure 12(b)(2), arguing that this court lacks personal jurisdiction or, in the alternative, that the suit should be dismissed under the doctrine of forum non conveniens. Mot. at 2-9.  Mr. Tuttle responds that he has established the court's specific jurisdiction over Funmobile.  Resp. at 4-10.

### III.   DISCUSSION

**A.   Funmobile's Motion to be Dismissed for Lack of Personal Jurisdiction**

**1.   Legal Standard**

When a defendant moves to be dismissed under Federal Rules of Civil Procedure 12(b)(2), the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion.[1]  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  The plaintiff must provide evidence that, if true, would support the court's exercise of jurisdiction over the defendant.  *Id.*  If both parties provide evidence supporting different versions of a fact the court must resolve competing inferences in the plaintiff's favor.  *Id.*  A court can exercise its power over a non-resident defendant (absent the defendant's consent) only if the court has general or specific jurisdiction.  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Mr. Tuttle alleges only specific jurisdiction.  Resp. at 4-10.

---

[1] A preponderance of evidence standard applies where the court holds an evidentiary hearing to address personal jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assoc.'s, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Neither Mr. Tuttle nor Funmobile has requested an evidentiary hearing.

ORDER – 2

The Ninth Circuit applies a three-part test to determine specific jurisdiction. First, the nonresident defendant must "do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Data Disc*, 557 F.2d at 1287. Second, the plaintiff's claim must "arise[ ] out of or result[ ] from the defendant's forum-related activities." *Id.* Third, the "[e]xercise of jurisdiction must be reasonable." *Id.* In the instant case, the major point of contention is whether Funmobile's Internet activity demonstrates that the company has purposefully availed itself of the privilege of conducting activities in Washington, or that it has purposefully directed its activities toward Washington. Mr. Tuttle asserts that he has made a prima facie showing of purposeful availment pursuant to the Ninth Circuit's "sliding-scale" rule for Internet contacts. Resp. at 4-7.

Under the "sliding-scale" approach[2], the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. *Zippo*, 952 F. Supp. at 1124. At one end of the scale are circumstances where a defendant conducts business over the Internet with residents of the forum, allowing for the assertion of personal jurisdiction in most cases. *Id.*; *see also CompuServe v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) (finding personal jurisdiction where the defendant entered into contracts with a forum resident that involved the knowing and repeated transmission of computer files over the Internet). At the opposite end are situations where a defendant simply posts information on a Web site which is accessible to users in the forum state as well as

---

[2] The Ninth Circuit adopted the "sliding-scale" approach to Internet contacts articulated in *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997).

ORDER – 3

others. *Zippo*, 952 F. Supp. at 1124. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. *Id.*; *see also Bensusan Rest. Corp. v. King,* 937 F. Supp. 295 (S.D.N.Y. 1996) (finding no personal jurisdiction where the defendant's Web site was not interactive and contained only general information). In the middle are situations where a defendant operates an interactive Web site, allowing a user to exchange information with the host computer. *Zippo*, 952 F. Supp. at 1124. In such a case, a court must review the "level of interactivity and commercial nature of the exchange of information" to determine whether jurisdiction should be exercised. *Id.*

**2.    The Affidavits Submitted By The Parties Are Insufficient For The Court To Determine Whether It Can Properly Exercise Personal Jurisdiction Over Funmobile.**

The pleadings and other materials submitted by the parties reveal that pertinent facts bearing on the question of jurisdiction are either controverted or missing from the record. Although the pleadings and declarations establish that Funmobile's Web site is more than passive, the court cannot satisfactorily place the Web site at the "conducting business with forum residents" or middle "interactive" categories without more facts. To date, there has been no discovery in this case. J.S. Rep. & Disc. Pl. ¶ 5. Accordingly, Mr. Tuttle has not provided the court with evidence that Funmobile conducts business over the Internet with residents of Washington in a similar manner as found sufficient to establish personal jurisdiction in *CompuServe*.

In addition, this court agrees with the reasoning in *Millennium Enters., Inc. v. Millennium Music, LP* that the middle interactive category requires "'deliberate action' within the forum state in the form of transactions between the defendant and residents of the forum or conduct of the defendant purposefully directed at residents of the forum state." *See* 33 F. Supp 2d 907, 921 (D. Or. 1999). The evidence currently before the

ORDER – 4

court establishes that Funmobile's Web site allows users to make online purchases, which makes it foreseeable that Washington residents could have done so. It is well-established, however, that foreseeability alone cannot serve as the constitutional benchmark for personal jurisdiction.

> The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.

*Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). It is the conduct of the defendants, rather than the medium utilized by them, to which the parameters of specific jurisdiction apply. *Id.* (citing *Volkswagen*, 444 U.S. at 297). In order for the court to determine whether it can exercise personal jurisdiction over Funmobile, a more satisfactory showing of the facts is necessary.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Funmobile's motion to be dismissed (Dkt. # 7) without prejudice and stays proceedings in this case for 45 days so that the parties may conduct limited discovery on the issue of personal jurisdiction. The court DENIES Funmobile's alternative motion to be dismissed based on forum non conveniens, and Funmobile's request for attorney's fees, as moot. Following discovery, the motion may be re-filed so this issue can be resolved.

Dated this 26th day of October, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5