The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TODD TUTTLE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FUNMOBILE GAMES, INC., a Delaware corporation, and FUNMOBILE, LTD., a Hong Kong corporation,<br><br>　　　　Defendants. | NO.  07-0983 RAJ<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br><br>October 24, 2008 |

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Tuttle's Income From the Caricature Is Minimal and Resulted from the Sale of Fifteen Print Drawings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Funmobile First Reproduced and Distributed the Caricature After Tuttle's First Publication But Before His Copyright Registration . . . . . . . 2

    C.   Funmobile Sold the Caricature Only Twice, Once in Malaysia and Once to Tuttle's Lawyer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.   Tuttle Did Not Request Actual Damages, and Has No Evidence of Actual Damages in the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    E.   All of Tuttle's Claims Are Based on Copyright Infringement . . . . . . . . . 5

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   Tuttle Bears the Burden of Proof and His Claims Fail Without Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.   As a Matter of Law, Tuttle Is Not Entitled to Damages or Attorneys' Fees for the Alleged Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.   The Alleged Infringement Began Prior to Tuttle's Copyright Registration and After His First Publication of the Caricature . . . . 7

        2.   Tuttle Did Not Request, and Does Not Have, Actual Damages . . . . 9

    C.   As a Matter of Law, Defendants Did Not Violate the Washington Consumer Protection Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    D.   As a Matter of Law, Tuttle's WCPA and Unfair Competition Claims Are Preempted by the Copyright Act . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - i

**NEWMAN & NEWMAN**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I. INTRODUCTION

Defendants Funmobile, Ltd. and Funmobile Games, Inc. (together, "Funmobile") respectfully move this Court to grant summary adjudication in favor of Funmobile denying Tuttle's request for damages and attorneys' fees pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. Tuttle only requested statutory damages in his Complaint. Funmobile's alleged infringement began after the first publication date of the Savage Garden caricature ("Caricature") that is the subject of the above-captioned action, but before Tuttle registered his copyright in the Caricature. Consequently, pursuant to 17 U.S.C. § 412, Tuttle is not entitled to either statutory damages or attorneys' fees. Even if Tuttle had requested actual damages, which he did not, evidence indicates he has no such damages. This Court should grant summary adjudication in Funmobile's favor on the issue of Copyright Act-related damages and attorneys' fees.

Funmobile also requests this Court grant summary dismissal of Tuttle's remaining two claims for alleged violation of the Washington Consumer Protection Act, Wash.Rev.Code. 19.86.010 *et seq*. ("WCPA") and common law unfair competition. Both causes of action are virtually identical to Tuttle's Copyright Act claim. As state law claims, they are preempted by the federal Copyright Act.

Tuttle's WCPA claim also fails because there is no reason to believe Funmobile's display of the Caricature has the capacity to deceive a substantial portion of the public. Tuttle uploaded the Caricature to the Internet without a signature, and without any sort of trademark that might signify him as the source of the Caricature. Funmobile received the Caricature from a content provider in the same manner, without any signature or trademark attached. Accordingly, Tuttle's WCPA claim is not really a claim based on consumer deception, an essential element of the WCPA.

///
///
///
///

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 1

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## II. FACTS

**A.  Tuttle's Income From the Caricature Is Minimal and Resulted from the Sale of Fifteen Print Drawings.**

Tuttle created the Caricature of the band Savage Garden in "the summer of 2000." (Declaration of Randall Moeller in Support of Plaintiff's Motion for Summary Judgment ("Moeller Decl.") ¶ 2 Ex. A at 5:12.)  In the eight years since he created it, Tuttle's sole income from the sale of the Caricature has been approximately seven hundred fifty dollars ($750.00).  (Id. at 6:18-22.)  Tuttle's discovery responses provide as follows:

> Mr. Tuttle has created a limited edition series of 11" by 14" prints of the Savage Garden caricature with band member's autographs, each of which is signed and numbered by Mr. Tuttle.  To date, he has sold approximately fifteen of the series prints on eBay and through in-person sales at arts festivals, for an average of $50.00 each.

Id.  Tuttle has never licensed the Caricature to anyone, nor has he ever sold digital reproductions of it.  (Id. at 6:25 and 7:2-13.)  His only income from the Caricature for eight years has been the sale of approximately fifteen "series prints" for a total of well under one thousand dollars.  (Id. at 6:18-22.)[1]

**B.  Funmobile First Reproduced and Distributed the Caricature After Tuttle's First Publication But Before His Copyright Registration.**

Tuttle's certificate of copyright registration for the Caricature indicates his date of first publication was January 15, 2002.  (Moeller Decl. ¶ 3 Ex. B.)  The same certificate indicates the effective date of registration for the Caricature was March 2, 2007.  (Id.)

Defendants first reproduced and distributed the Caricature after Tuttle's first publication but before his effective date of registration.  Until May, 2007, Funmobile offered downloadable media content, such as wallpaper images.  (Declaration of Karen Oei in Support of Plaintiff's Motion for Summary Judgment ("Oei Decl.") ¶ 5.)  That

---

[1] Perhaps realizing the *de minimis* nature of his revenue from the sale of the Caricature, Tuttle claims in his discovery response that his "caricature drawing has also helped garner freelance illustration work", which is irrelevant. ("Moeller Decl.") ¶ 2 Ex. A at 6:22-23.) Funmobile does not perform, and has never performed, freelance illustration work. (Oei Decl. ¶ 21.) Moreover, "freelance illustration work" is unrelated to income generated from the sale of the Caricature.

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 2

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  content was provided to FunMobile by independent content providers including Inlogic
2  S.R.O., a Slovakian company ("Inlogic"). (Oei Decl. ¶ 6.)
3      Each day, at approximately midnight Hong Kong time, all newly approved content
4  was displayed on Funmobile's website. (Oei Decl. ¶ 16.) This part of the process was
5  automatic. (Id.) Funmobile's records show that the Caricature was approved and
6  consequently displayed and offered for sale on Funmobile's website no later than January
7  29, 2007. (Id. ¶ 17 Ex. A.) Accordingly, Funmobile's first reproduction and distribution
8  of the Caricature occurred between January 15, 2002 (the date of first publication) and
9  March 2, 2007 (the effective date of registration).

**C.  Funmobile Sold the Caricature Only Twice, Once in Malaysia and Once to Tuttle's Lawyer.**

12      Funmobile sold the Caricature only twice. (Oei Decl. ¶ 18; Moeller Decl. ¶ 4 Ex.
13  C at 8:19 - 9:11.) For both sales, the Caricature was downloaded as a cell phone
14  wallpaper. (Oei Decl. ¶ 18.) The first sale occurred in April 2007, when the Caricature
15  wallpaper was downloaded by a customer in Malaysia at the cost of one Malaysian
16  ringgit. (Oei Decl. ¶ 19; Moeller Decl. ¶ 4 Ex. C at 8:19 - 9:11.) The second and final
17  sale, which was the only sale within the United States, occurred on June 6, 2007, when
18  Tuttle's counsel Jefferson Coulter downloaded the Caricature wallpaper to his Palm
19  handset at the cost of one dollar and ninety-nine cents ($1.99). (Oei Decl. ¶ 20; Moeller
20  Decl. ¶ 4 Ex. C at 8:19 - 9:11; Id. ¶ 5 Ex. D at 9:21-10:26; Id. ¶ 6.) Coulter filed this
21  lawsuit later that same month. (Dkt. #1.)

**D.  Tuttle Did Not Request Actual Damages, and Has No Evidence of Actual Damages in the United States.**

24      Tuttle's complaint requests only statutory damages for copyright infringement
25  pursuant to 17 U.S.C. § 504(c). He did not request actual damages. (Dkt. #1 at 4:10-12.)
26  Even if Tuttle had requested actual damages, there is no evidence that any actual damages
27  exist.
28      Defendants' Second Interrogatories and Requests for Production requested that

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 3

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Tuttle "state all facts" supporting his contentions that Funmobile infringed his copyright in the Caricature, violated the WCPA, or engaged in common law unfair competition. (Moeller Decl. ¶ 2 Ex. A at 7:15 - 9:17.) Tuttle responded with the following claims pertaining to damages:

- Funmobile allegedly offered the Caricature for sale via the Internet without his permission. (Moeller Decl. ¶ 2 Ex. A at 7:18-20.)

- Tuttle claims Funmobile "altered" the Caricature "to removed [sic] Mr. Tuttle's signature and to add a watermark of the FunMobile logo across the image." (Id. ¶ 2 Ex. A at 8:1-2.)

- Tuttle claims "Defendants' practices have deprived Plaintiff of business opportunity and revenue". (Id. ¶ 2 Ex. A at 9:11-13.) He alleges "Funmobile's actions have... prevented Mr. Tuttle from offering exclusivity to clients expressing interest in licensing his work in the future." (Id. ¶ 2 Ex. A at 9:19-21.)

Thus, the only actual damages Tuttle claims in the United States result from the sale of one Caricature wallpaper to Tuttle's lawyer, at a cost of less than two dollars. Tuttle also speculates on the potential value of licensing the Caricature, something which he has never done, and in which he never expressed any interest during the seven years before this lawsuit was filed.

Tuttle's argument regarding Funmobile's alleged removal of his signature is mystifying. Funmobile received the Caricature without a signature. (Ma Decl. ¶ 5 Ex. B.) Further, Tuttle admits he made the Caricature available on the Internet in June 2001 without a signature. (Moeller Decl. ¶ 2 Ex. A at 11:8-14; Id. ¶ 7 Ex. E.)

### E. All of Tuttle's Claims Are Based on Copyright Infringement.

Tuttle's first cause of action is for copyright infringement. (Dkt. #1 at 3-4.) Specifically, Tuttle mentions Funmobile's alleged violation of his "exclusive rights of reproduction and distribution." (Id. at 4:5-6.)

Tuttle's second cause of action for violation of the WCPA is entirely based on Funmobile's alleged copyright infringement:

> **Funmobile's use of the Copyright** to promote, market, or sell a product in direct competition with Mr. Tuttle constitutes an Unfair Business Practice pursuant to RCW § 19.86.010 *et seq*. **Funmobile's use of the Copyright** is

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 4

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Mr. Tuttle. Defendants' unfair business practice has caused and will continue to cause damage to Mr. Tuttle, and is causing irreparable harm to Mr. Tuttle for which there is no adequate remedy at law.

(Dkt. #1 at 4:18-24; emphasis added.)

Tuttle's third cause of action is for "common law unfair competition." (Dkt. #1 at 5.) He alleges as follows:

> Specifically, Funmobile continues to market, sell and derive revenue from Mr. Tuttle's Copyright and continue to deceive the public into believing that Defendant offers legitimately licensed copies of Mr. Tuttle's work.

(Dkt. #1 at 5:6-9.) Accordingly, this cause of action is also based on Funmobile's alleged copyright infringement.

### III. ARGUMENT

**A. Tuttle Bears the Burden of Proof and His Claims Fail Without Evidence.**

The standard for summary judgment is set forth in FED. R. CIV. P. 56(c), which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party is entitled to a judgment as a matter of law if it can show that the non-moving party's evidence is insufficient to establish an essential element of its claim. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir. 1990).

Defendants are entitled to summary judgment if Tuttle cannot produce evidence to support every element of his claims. Chamberlan v. Ford Motor Co., 369 F.Supp.2d 1138, 1143 (N.D. Cal. 2005) (cites omitted). The moving party thus bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, *supra*, 477 U.S. at 323. Once the moving party has met its burden, the party opposing the motion may not

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 5

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., *supra*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. Id., 477 U.S. at 252. In this case, there is no such evidence.

**B.  As a Matter of Law, Tuttle Is Not Entitled to Damages or Attorneys' Fees for the Alleged Infringement Because Infringement Began Before Registration.**

Public policy, as stated by Congress, is to encourage copyright owners to register their copyrighted works promptly or forego statutory damages and attorneys' fees:

> [B]y denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly. *See* H.R. Rep. No. 94-1476, at 158 (1976), as reprinted in 1976 U.S.C.C.A.N. 5659, 5774 ("Copyright registration . . . is useful and important to users and the public at large . . . and should therefore be induced in some practical way.")

Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 700 (9th Cir. 2008). Tuttle delayed registration of his copyright until eight years after his creation of the Caricature. Funmobile began displaying the Caricature for sale to consumers prior to the registration date but well after Tuttle's first publication. As a matter of law, Tuttle's delay precludes his recovery of statutory damages or attorneys' fees. He is not entitled to actual damages either, since he did not request them and there is no evidence that any such damages exist.

**1.  The Alleged Infringement Began Prior to Tuttle's Copyright Registration and After His First Publication of the Caricature.**

The Copyright Act, at 17 U.S.C. § 412, provides in relevant part as follows:

> In any action under this title[2]... **no award of statutory damages or of attorney's fees**, as provided by sections 504 and 505, shall be made for—

---

[2] There are three exceptions which are not relevant here: 1) actions brought for violations of rights of attribution and integrity pursuant to 17 U.S.C. §106A, which Tuttle did not plead in his complaint; 2) actions concerning works which were pre-registered before publication, which the Caricature was not; and 3) actions pursuant to 17 U.S.C. § 411(b) concerning works whose "first fixation[s are] made simultaneously with [their] transmission[s]", which does not apply to the Caricature.

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 6

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

*****

(2) any infringement of copyright **commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work**.

Id. (emphasis added).

Tuttle's own evidence indicates he first published the Caricature in 2002, but did not register it until March 2, 2007. (Moeller Decl. ¶ 3 Ex. B.) Funmobile downloaded the Caricature in December 2006. (*See generally* Ma Decl.) Funmobile uploaded the Caricature to its website for sale to consumers no later than January 29, 2007. (Oei Decl. ¶ 17 Ex. A.) Accordingly, the alleged infringement commenced prior to March 2, 2007, the effective date of Tuttle's copyright registration. Federal copyright law bars Tuttle from claiming statutory damages or attorneys' fees.

District courts in the Ninth Circuit are consistent in finding that copyright infringement occurs when the defendant downloads the plaintiff's copyrighted work and uploads it to the defendant's website. See, e.g., Elektra Entm't Group, Inc. v. Smith, 2008 U.S. Dist. LEXIS 7631, *2 (E.D.Ca. Feb. 1, 2008) ("Defendant... is enjoined from... using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings"); Capitol Records, Inc. v. Schmidt, 2007 U.S. Dist. LEXIS 43919, *7 (N.D.Cal. Jun. 7, 2007) (finding violation of plaintiff's exclusive right to reproduce copyrighted material "by downloading electronic copies... to her computer without permission" and violation of distribution right "by using an online media distribution system to distribute the Copyrighted Recordings to the public").

Funmobile's distribution, display, and reproduction of the Caricature on its website would violate 17 U.S.C. §106 (1) (providing the exclusive right "to reproduce the copyrighted work in copies"); 17 U.S.C. §106 (3) ("to distribute copies... of the copyrighted work to the public..."); and 17 U.S.C. §106 (5) ("in the case of... graphic... works... to display the copyrighted work publicly"). The alleged infringement began

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 7

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

prior to Tuttle's copyright registration.

It does not matter that Funmobile's two sales of the Caricature occurred after registration, since the alleged copyright infringement commenced before Tuttle registered the Caricature. The Ninth Circuit recently provided as follows:

> Every court to consider the issue has held that "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." Johnson, 149 F.3d at 506; *accord* Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 609 F. Supp. 1325, 1331 (E.D. Pa. 1985) ("Interpreting 'commencement of infringement' as the time when the first act of infringement in a series of on-going discrete infringements occurs . . . would best promote the early registration of a copyright.")...
>
> Accordingly, we join those circuits that addressed the issue before us and hold that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412. This interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights.

Derek Andrew, supra, 528 F.3d at 700-01. The Ninth Circuit determined that since the defendant's first infringement began prior to the date of copyright registration, the plaintiff was not entitled to statutory damages under the Copyright Act. Id. at 701. It also held the plaintiff was not entitled to attorneys' fees "to the extent that they are based upon a violation of the Copyright Act". Id. at 702.

Funmobile copied the Caricature, displayed it on the Internet, and offered the image to consumers as cell phone wallpapers – all prior to Tuttle's effective date of copyright registration. As the Ninth Circuit has held, under these circumstances Tuttle may not claim statutory damages or attorneys' fees pursuant to the Copyright Act. This Court should follow the Ninth Circuit's holding in Derek Andrew and summarily dismiss Tuttle's Copyright Act-based claim for statutory damages and attorneys' fees.

### 2. Tuttle Did Not Request, and Does Not Have, Actual Damages.

Tuttle requested statutory damages, not actual damages in his complaint. (Dkt. #1 at 4:10-13.) Even if he had requested actual damages, he cannot provide any credible evidence that any such damages exist.

Tuttle has the burden of proof on the issue of whether actual damages exist and, if

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 8

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

so, the amount of damages. Proof of infringement is not the same thing as proof of damages from that infringement. Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004). There is no presumption that a copyright plaintiff has suffered actual damages from infringement. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 513 (9th Cir. 1985); *see also* Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc., 329 F.2d 194, 196 (2d Cir. 1964). In this case, Tuttle cannot prove damages for the following reasons, *inter alia*:

**The alleged infringement is de minimis**. Funmobile only made approximately two dollars from the sale of the Caricature.[3] In another case involving a minuscule sum, the Ninth Circuit held there was no compensable damage. *See* Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc., 367 F.2d 236, 241 (9th Cir. 1966) ("We cannot find that the court was clearly erroneous in determining that there had been no damage to appellant as a result of the sale of the single book").

**No actionable infringement occurred within the United States.** Funmobile has never sold the Caricature within the United States, except to Tuttle's lawyer when he was preparing to file this lawsuit. In Shapiro, supra, the Ninth Circuit found that a single sale of a copyrighted work to the plaintiff's investigator did not result in compensable damage. Id., 367 F.2d at 238-41.

Other than the sale to Tuttle's counsel, Funmobile only sold the Caricature once to a resident of Malaysia. This is an insufficient basis for actual damages under the Copyright Act:

> It is well established that copyright laws generally do not have extraterritorial application. There is an exception – when the type of infringement permits further reproduction abroad – such as the unauthorized manufacture of copyrighted material in the United States. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1443

---

[3] *See* Oei Decl. ¶¶ 19-20. To the extent necessary, Funmobile requests this Court take judicial notice of the fact that as of this writing, one Malaysian ringgit is worth approximately thirty U.S. cents. Consequently, the revenue generated by the sale of the Caricature to Tuttle's lawyer ($1.99) and the sale to an unknown resident of Malaysia (one ringgit) is approximately two U.S. dollars.

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 9

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    (9th Cir. 1986).

2 Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir. 1988) (adopted by the Ninth Circuit in L.A. News Service v. Reuters TV Int'l, 149 F.3d 987, 992 (9th Cir. 1998) ("We... hold that LANS is entitled to recover damages flowing from exploitation abroad of the domestic acts of infringement committed by defendants")).

The Ninth Circuit limited extraterritorial application of the Copyright Act to situations in which domestic infringement contributed to subsequent foreign infringement. L.A. News Service, supra, 149 F.3d at 992. However, Tuttle's lawyer could not have contributed to the sale of the Caricature in Malaysia, since Coulter purchased the Caricature two months after the Malaysian resident did.

**Tuttle's claims are speculative**. Tuttle never licensed the Caricature in the eight years since its creation and has only made $750 from it. Still, he opportunistically alleges Funmobile has deprived him of the opportunity to offer nonexistent business partners an exclusive license in the Caricature. (Moeller Decl. ¶ 2 Ex. A at 9:19-21.)

Tuttle's claims regarding purported lost business opportunities are purely speculative, and the Ninth Circuit rejects speculative claims of damages. Jarvis v. K2 Inc., 486 F.3d 526, 534 (9th Cir. 2007). There will be no expert witness testimony regarding the potential market for Tuttle's Caricature, since he did not provide any expert witness disclosures or reports prior to this Court's July 10, 2008 deadline. Consequently, all Tuttle may offer is his own testimony, which is self-serving, speculative, and an inadequate basis upon which to base actual damages.

Tuttle has no credible evidence of actual damages. In the event this Court believes Tuttle pleaded actual damages under the Copyright Act, which he did not do, the Court should summarily dismiss Tuttle's damage claim. There is no genuine issue as to any material fact relating to Tuttle's purported actual damages.

///
///
///

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 10

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**C.   As a Matter of Law, Defendants Did Not Violate the Washington Consumer Protection Act.**

Tuttle's second cause of action is for violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.* In order to state a claim for relief under the WCPA, a plaintiff must allege the defendant's acts: (1) were unfair or deceptive, (2) occurred in the course of trade or commerce, (3) affected the public interest, and (4) caused (5) injury to plaintiff's business. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins., Co., 719 P.2d 531, 533 (1986).

This cause of action fails because Tuttle has provided no evidence that he ever suffered harm to his business or property resulting from Funmobile's alleged actions. "[A] plaintiff must suffer injury to his 'business or property' in order to recover under the Consumer Protection Act. If he suffers injury other than to his 'business or property', the injury is not compensable under the act." Keyes v. Bollinger, 31 Wash.App. 286, 295 (Wash. Ct. App. 1982). For this reason alone, this cause of action should be summarily dismissed.

Further, Tuttle has not provided evidence sufficient to claim a public interest impact. He has offered no reason to believe Funmobile's alleged actions would deceive, or affect in any way, a substantial portion of the public. Segal Co. v. Amazon, 280 F. Supp. 2d 1229, 1232-33 (W.D.Wash. 2003), held as follows:

> [F]or conduct to be an unfair or deceptive practice under the CPA, it must have the capacity to "deceive a substantial portion of the public."

Id. In this case, Funmobile's alleged actions do not have the capacity to deceive anyone. Tuttle's WCPA claim is based on Funmobile's alleged "use of the Copyright". (Dkt. #1 at 4:18-24.) However, "the Copyright Act, unlike the Trademark Act, does not protect a copyright holder against acts that cause consumer confusion." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1161 (9th Cir. 2007). There is no evidence indicating the Caricature is a trademark of Tuttle's; *i.e.*, that consumers recognize the Caricature as a unique indicator of the source of the related goods or services. *See* Qualitex Co. v.

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 11

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Jacobson Products Co., 514 U.S. 159, 163-164, 131 L. Ed. 2d 248, 115 S. Ct. 1300 (1995)
2  (federal trademark law prevents competitors from copying "a source-identifying mark").
3  Rather, the evidence indicates that Tuttle uploaded the Caricature to the Internet without
4  any identifying marks of any kind, and Funmobile also received the Caricature without
5  any identifying marks.

6        Tuttle's WCPA claim amounts to an argument that Funmobile's sale of the
7  Caricature is inherently confusing to consumers because Tuttle (allegedly) did not
8  authorize Funmobile to sell it.  This is nothing more than a restatement of Tuttle's
9  copyright infringement claim.  Even assuming Tuttle's allegations are true, Defendants'
10 allegedly unfair and deceptive conduct lacks the capacity to deceive a substantial portion
11 of the public and does not affect the public interest.  Tuttle's WCPA claim is therefore
12 groundless and should be dismissed.

**D.  As a Matter of Law, Tuttle's WCPA and Unfair Competition Claims Are Preempted by the Copyright Act.**

      Tuttle's WCPA and unfair competition claims are preempted by federal law because they are based on Funmobile's allegedly unauthorized use of Tuttle's copyrighted work – namely, the Caricature.  (Dkt. #1.)  The essence of both claims is that Funmobile displayed, reproduced, and distributed the Caricature without Tuttle's permission.  This is equivalent to alleging Funmobile violated the Copyright Act at 17 U.S.C. §106 (1), (3), and (5).

      The Copyright Act expressly preempts state law claims which are based on rights equivalent to those protected by copyright.  At 17 U.S.C. § 301(a), it provides as follows:

> ... all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103... are governed exclusively by this title... [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  In Blue Nile, Inc. v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1247 (W.D.Wash. 2007), this Court held that pursuant to 17 U.S.C. § 301(a), "[c]opyright

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 12

**NEWMAN & NEWMAN**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 preemption is both explicit and broad". Id. Judge Lasnik's opinion provided as follows:

2
3
4
> The Ninth Circuit utilizes a two-part test to determine whether a state law claim is preempted. A claim is preempted if: (1) the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106.

5 Blue Nile, supra, 478 F. Supp. 2d 1247. To the extent Tuttle's copyright in the Caricature

6 is valid, the Caricature is a graphic work which falls under 17 U.S.C. § 102(a)(5).

7 The remaining question is whether the rights granted under the WCPA and the

8 common law of unfair competition, are equivalent to the rights contained in 17 U.S.C. §

9 106. In this case, they unquestionably are. Tuttle's complaint expressly bases his WCPA

10 claim on "Funmobile's use of the Copyright." Consequently, Tuttle's WCPA "claim is

11 preempted because it incorporates the copyright claim[] by reference and is therefore

12 based on rights equivalent to those protected by copyright." Blue Nile, supra, 478

13 F.Supp.2d at 1249 (dismissing WCPA claim based on preemption); *see also* Kodadek v.

14 MTV Networks, Inc., 152 F.3d 1209, 1213 (9th Cir. 1998) (affirming dismissal of unfair

15 competition claim which relied on same allegations as copyright claim).

16 Tuttle's unfair competition claim must also be dismissed. Like the WCPA claim,

17 it is based on the allegedly unauthorized display, reproduction, and distribution of the

18 Caricature. Tuttle claims Funmobile's use of the Caricature "deceive[s] the public into

19 believing that Defendant offers legitimately licensed copies of Mr. Tuttle's work". (Dkt.

20 #1 at 5:6-9.) However, this is merely a restatement of the allegation that Funmobile is not

21 authorized to sell the Caricature – in other words, Tuttle is claiming that copyright

22 infringement inherently deceives consumers.

23 The elements of Tuttle's unfair competition claim may not be identical to his

24 copyright infringement claim. However, his allegation regarding consumer deception

25 contends Funmobile deceived consumers by displaying the Caricature (17 U.S.C. §

26 106(5)) and purportedly creating an unauthorized derivative work by removing his

27 (nonexistent) signature and adding a watermark (17 U.S.C. § 106(2)). Accordingly, "'the

28 underlying nature of [his] state law claims is part and parcel of a copyright claim' for

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 13

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

preemption purposes", and his unfair competition claim must also be dismissed. <u>Meeco Manufacturing Co., Inc. v. True Value Co.</u>, 2007 U.S. Dist. LEXIS 25986, *15 (W.D.Wash. Apr. 4, 2007); *see also* <u>Blue Nile</u>, <u>supra</u>, 478 F.Supp.2d at 1250 (dismissing WCPA claim which alleged "deception, misrepresentation, and public impact" yet did not "change the underlying nature" of the WCPA claim).

### IV. CONCLUSION

Tuttle delayed for years in registering his copyright in the Caricature. As a consequence, he is now precluded from claiming statutory damages or attorneys' fees pursuant to the Copyright Act. He did not claim and has no credible evidence of actual damages. Consequently, this Court should grant summary judgment in Funmobile's favor on the issue of Copyright Act-related damages and attorneys' fees. The Court should also dismiss Tuttle's related state law causes of action, which are essentially the same as his copyright infringement claim and are therefore preempted.

DATED this 2nd day of October, 2008.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Derek Linke, WSBA No. 38314

Attorneys for Defendants

DEFS.' MOT. FOR SUMM. J.
CASE NO. 07-0983 RAJ - 14

NEWMAN & NEWMAN
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800